UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GERALD R. HOFFMAN,

          Plaintiff,

v.                                     Case No. 5:10-cv-129-Oc-29GRJ

CITY OF OCALA, KRISTEN BLAUSER, LEE
WHITSTON, CHRISTINA GRAHAM, HAROLD
ELLZEY,

          Defendants.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion For Leave To Proceed *In Forma Pauperis*. (Doc. 2.) For the reasons discussed below, Plaintiff's Motion should be **DENIED** without prejudice and Plaintiff's Complaint should be **DISMISSED** with leave to amend.

## I. BACKGROUND

Plaintiff, Gerald R. Hoffman, who is currently incarcerated, is attempting to assert an action under 42 U.S.C. §1983 against the City of Ocala and four individual police officers. Plaintiff alleges that on April 21, 2006, he was illegally seized and accosted at a Citgo gas station in Ocala, Florida by Officer Kristin Blauser and Officer Lee Whitston. Plaintiff alleges that he was seized based on an improper "be on the lookout" related to an alleged grand theft. Plaintiff alleges that Officer Blauser and

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Officer Whitston employed excessive force, and attempted to taser Plaintiff while he was in his car. Plaintiff alleges that this excessive force, "provoked the Plaintiff's acts of fear" which caused Plaintiff to be tried and convicted for two counts of Aggravated Battery and one count of resisting arrest with violence resulting in a thirty year prison sentence. According to Plaintiff, the next day Officer Christina Graham and Officer Harold Ellzey authored and filed an illegal and invalid probable cause affidavit against Plaintiff.

Plaintiff contends that none of these Officers had taken an oath of office as required by the Florida Constitution and, thus, they did not have the constitutional powers of arrest or the authority to file a probable cause affidavit. Plaintiff further alleges that Officer Blauser failed to file timely an incident report; that Officer Whitston failed to file a use of force report; and that Officer Blauser and Officer Whitston committed perjury during the state court proceedings.

Plaintiff alleges that his 4th Amendment right was violated by an illegal seizure during a traffic stop (for grand theft) based on an improper "be on the lookout", which resulted in excessive force violations of police department policies and procedures by unsworn police officers; and by the filing of an illegal invalid probable cause affidavit by unsworn police officers. He further alleges that his 8th Amendment right has been violated by his wrongful incarceration for thirty years. Finally, Plaintiff alleges that his 14th Amendment right to due process has been violated based on perjury, official misconduct, excessive force, violations of police department policies, and procedures and violations of the United States and Florida Constitutions. Plaintiff seeks

compensatory and punitive damages against the City of Ocala and the Officers in their individual capacities. He also requests injunctive relief.

## II. DISCUSSION

The district court is required to screen all civil cases filed by prisoners, regardless of whether the inmate paid the full filing fee or is proceeding IFP.[2] Where, as here, the complaint seeks redress from a governmental entity, officer or employee, the court must dismiss the complaint, or any portion of the complaint which (a) is frivolous, malicious, or fails to state a cause upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from such relief.[3]

In this case, Plaintiff has failed to state a cause of action upon which relief may be granted for a number of reasons. Plaintiff purports to assert claims under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges or immunities secured by the Constitution and laws' by any person acting ' under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'"[4] Plaintiff must clearly allege the basis of his §1983 claims against each of the Defendants.

Plaintiff has named the City of Ocala as a defendant in this action and alleges that the City of Ocala, "through negligence, reckless indifference and lack of supervision

---

[2] Likewise, prior to determining whether a non-prisoner plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint to determine whether the claims have merit or whether the Complaint should be dismissed on some other ground.

[3] See 28 USC §1915A.

[4] Gomez v. Toledo, 446 US 635, 638 (1980) (quoting 42 U.S.C. §1983).

of the Ocala Police Department" allowed the Officers to commit various wrongs. Governmental entities, however, are not liable under §1983 on the basis of *respondeat superior* or vicarious liability.[5] Rather, they are liable when constitutional injuries suffered by a Plaintiff are the direct result of the implementation of a custom or policy of the government.[6] Thus, in order to state a cause of action, Plaintiff must allege that the constitutional injuries he has suffered are the direct result of the implementation of a custom or policy of the City of Ocala.

As for the individual Officers, Plaintiff has asserted violations of the Fourth, Eighth and Fourteenth Amendments. The Fourth Amendment is applied to state actors via the Fourteenth Amendment; thus the Court will consider the alleged violations of the Fourth and Fourteenth Amendments together.

In Heck v. Humphrey[7], the Supreme Court held that a state prisoner could not bring a claim for damages under 42 U.S.C. §1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[8] If it would, the district court must dismiss the complaint, unless the plaintiff can show that the conviction or sentence has already been invalidated.[9] However, a successful §1983 action for alleged Fourth Amendment violations, including claims of excessive force,

---

[5] West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007.)

[6] Rocker v. City of Ocala, Fla., 2009 WL 4365226, *1 (11th Cir. December 3, 2009.)

[7] 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994.)

[8] Id. at 487.

[9] id.

4

does not necessarily imply the invalidity of the conviction.[10]  In order for the Court to determine whether Plaintiff's claims would necessarily imply the invalidity of Plaintiff's conviction, it "must look both to the claims raised under §1983 and to the specific offenses for which the §1983 claimant was convicted."[11]

Here, it is unclear for which offenses Plaintiff has been convicted.  While Plaintiff alleges that he was convicted on two counts of Aggravated Battery and one count of resisting arrest with violence resulting in a thirty year prison sentence, he fails to provide any details regarding the specific offenses.  Moreover, he also alleges that he was initially stopped on suspicion of grand theft but does not allege whether he was charged and convicted for grand theft.  Accordingly,  Plaintiff should be permitted to file an amended complaint which asserts all of the specific offenses for which he was convicted as well as specific allegations as to how each officer allegedly violated his rights, so that the Court can determine whether Plaintiff's claims in this action would necessarily imply the invalidity of Plaintiff's underlying conviction.

Likewise, Plaintiff has failed to state a cause of action for a violation of the Eighth Amendment.  The Eighth Amendment only applies after a prisoner is convicted and it governs the conditions under which convicted prisoners are confined and the treatment they receive in prison.[12]  Plaintiff's allegations are focused on the events leading up to

---

[10] Dyer v. Lee, 488 F.3d 876,881  (11th Cir. 2007);  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003.)

[11] Cedeno v. Gee, 2010 WL 1417273, *4 (M.D. Fla. April 7, 2010)(*quoting* Vickers v. Donahue, 137 Fed. Appx. 285, 290 (11th Cir. 2005)(unpublished opinion.)

[12]  Hernandez v. Florida Dept. Of Corrections, 2008 WL 2345142, *1 (11th Cir. 2008); U.S. v. Myers, 972 F.2d 1566, 1571 (11th Cir. 1992.)

his arrest and conviction – not events occurring after he was incarcerated. Assuming this is the full extent of his claim, then Plaintiff would not be able to state a cause of action under the Eighth Amendment.

Finally, Plaintiff demands punitive damages against all of the Defendants, including the City of Ocala. However, punitive damages are not available in a suit against counties and municipalities.[13] Thus, Plaintiff cannot recover punitive damages against the City of Ocala.

### III.  RECOMMENDATION

Accordingly, it is respectfully **RECOMMENDED** that the Motion To Proceed In Forma Pauperis (Doc. 2) be **DENIED without prejudice** and that the Complaint (Doc. 1) be  **DISMISSED** with leave to amend to cure the deficiencies outlined above.

**IN CHAMBERS** in Ocala, Florida, on May 12, 2010.

GARY R. JONES
United States Magistrate Judge

Copies to:
  The Honorable John E. Steele
  United States District Judge

  *Pro Se* Plaintiff

---

[13] Chatham v. Adcock, 334 Fed. Appx. 281, 287 (11th Cir. 2009); Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1047 (11th Cir. 2008.)