UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GERALD R. HOFFMAN,

    Plaintiff,

vs.    Case No. 5:10-cv-129-FTM-29GRJ

CITY OF OCALA, KRISTEN BLAUSER, Police Officer - Detective, Lee Whitston, Police Officer - Sergeant/Supervisor, Christina Graham, Detective, Ocala Police Department, Harold Ellzey, Detective, Ocala Police Department,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of the Magistrate Judge's Report and Recommendation (Doc. #9) issued on May 12, 2010, recommending that the Motion for Leave to Proceed In Forma Pauperis (Doc. #2) be denied without prejudice and plaintiff's Complaint (Doc. #1) be dismissed with leave to amend. Plaintiff filed a Written Objection to the Federal Magistrate's Findings and Recommendations (Doc. #12) on June 3, 2010.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

Plaintiff objects that the Magistrate Judge is raising the bar above what is required by FED. R. CIV. P. 8, but the Eleventh Circuit imposes a "heightened pleading standard" for § 1983 cases which involve individuals entitled to assert qualified immunity. Amnesty Int'l v. Battle, 559 F.3d 1170, 1179 (11th Cir. 2009). Therefore, the objection is overruled.

Plaintiff also argues that he is not claiming a custom or policy issue but rather a lack of supervision and accountability for the City's officers. To establish a claim against a

municipality on the theory of failure to train its employees, plaintiff must establish (1) that there was a failure to adequately train the officers, (2) that the failure to train was a city policy, i.e., either there was an express policy or the failure to train amounts to "deliberate indifference" to the rights of persons with whom the officers come into contact, and (3) that the failure to train policy caused the officers to violate plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 389-91 (1989); Bruce v. Beary, 498 F.3d 1232 (11th Cir. 2007). Additionally, a local government entity cannot be held liable for constitution deprivations on the theory of *respondent superior*. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691, 694 (1978). Local government units "may be held liable only if such constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." Denno v. School Bd. of Volusia County, Fla., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. denied, 531 U.S. 958 (2000)(citing Monell at 694); Wyke v. Polk County Sch. Bd., 129 F.3d 560, 568 (11th Cir. 1997). Therefore, this objection is overruled.

Plaintiff states that he is not challenging his state convictions and sentence, but rather he is only seeking damages. Plaintiff states that he was not able to assert Constitutional

violations in state court, and the damages are sought because the disregard of his civil rights led to the conviction and sentence. Plaintiff requests that he be permitted to submit a memorandum of law on the issues, however this is not required. (See Doc. #12, ¶ 12.) The Magistrate Judge recommended that plaintiff be provided an opportunity to amend the Complaint. The objection is premature as plaintiff will be granted an opportunity to amend and better state his claim.

Plaintiff withdraws the request for punitive damages and the Eighth Amendment claim based on the Magistrate Judge's findings.

After conducting an independent examination of the file and upon due consideration of the report and recommendation and the objections thereto, the Court accepts the Report and Recommendation of the magistrate judge and overrules the objections for the reasons state above. The Court declines to proceed on the current Complaint or grant the request for a hearing.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #9) is **ADOPTED** as follows:

A. Plaintiff's Complaint (Doc. #1) is **dismissed without prejudice** with leave to amend;

B. The Motion for Leave to Proceed In Forma Pauperis (Doc. #2) is **taken under advisement** pending the submission of an "Amended

Complaint" within **FOURTEEN (14) DAYS** of this Opinion and Order, which will be subject to review.

2. Plaintiff's Written Objection to the Federal Magistrate's Findings and Recommendations (Doc. #12) is **overruled.**

3. The failure to file an Amended Complaint will result in the closure of this case without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this 13th day of June, 2010.

 _John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Hon. Gary R. Jones
United States Magistrate Judge

Unrepresented parties